JOHN CASEY and wife MINERVA v. R. W. COOPER.

*Betterments—Married Women—Judgment—Contract.*

If a party in an action to recover land sets up in his pleadings a demand for compensation for improvements, he should have that question passed on at the trial with the other issues ; he will not be permitted to raise it thereafter, as the judgment rendered upon the trial will be deemed conclusive of all matters put in issue by the pleadings.

This was a PETITION by the defendant for an inquiry and allowance for improvements, heard before *MacRae, J.,* at March Term, 1888, of BUNCOMBE Superior Court.

The complaint in this action, which was begun on September 6th, 1882, contains the usual averments of the plaintiffs' ownership and the defendant's wrongful withholding of the land mentioned therein, the possession of which is sought to be recovered.

The answer admits the defendant to be in the occupation of about three and one half acres near the center of one tract, whereon he resides, and of about five acres at its western border, which he claims as his own property.

As a further defence, the answer alleges that the *feme* plaintiff being largely indebted to the defendant for medical services rendered to her and necessary in her condition, in order to pay the same, contracted, with her husband's consent, to convey to him the parcels of land mentioned, and in consideration thereof the defendant surrendered his claims, which were largely in excess of their value; that believing he had title, with the knowledge and consent of the plaintiffs, he entered into possession, and remaining there ever since, has made valuable and permanent improvements in building and otherwise, of the value of at least five hundred dollars  Wherefore he demands that said parcels of land be conveyed to him, and such further relief as he may be entitled to in the case.

" The cause coming on to be heard, on motion of the plaintiff Minerva for judgment upon the pleadings, and the admission of the defendant that she was a married woman at the time of the alleged agreement set up in the answer, and that it was in parol," the Court adjudged, " that the *feme* plaintiff Minerva is entitled to the possession of the land described in her amended complaint, and which the defendant admits himself to be in possession of, and that a writ in her favor against the defendant be issued at her instance for possession," and the Court further adjudged, that the defendant pay the costs of the action, to be taxed against him and the surety to his defence bond.

This final disposition of the case was made at December Term, 1887, of the Superior Court of Buncombe, and at March Term next ensuing, the defendant applied by petition to the succeeding Judge for relief, upon the following condensed allegations of fact:

That the petitioner was in possession of the two parcels of land for about eight years under a contract with the *feme* plaintiff, her husband having theretofore abandoned her, in pursuance of which he paid her the purchase money, and she agreed as soon as she could get a deed from the administrator of one James Cooper, to convey the title to him; that while in possession he made certain improvements upon the property, in building a dwelling and other houses, of the value of eight hundred dollars, in planting fruit trees and in other ways, costing more than one hundred dollars additional, and this expenditure was in faith that the title would be made him, as stipulated at the time of purchase.

In view of all this, the petitioner asks that a jury may be empaneled to enquire into the enhanced value thus imparted to the premises, to the end that he be allowed therefor, and meanwhile that the writ of possession be stayed.

"This petition coming on to be heard before MacRae, Judge, and it being made to appear to the Court that the defendant in his answer set up his claim for betterments, to be assessed upon the trial of the action, and judgment having been rendered against the defendant and in favor of plaintiff on the pleadings and admissions of defendant, it is considered that the defendant is not now entitled to the relief demanded in his petition; no appeal having been taken from the judgment of the Court heretofore rendered. Prayer of petition denied. From which order the defendant appealed to the Supreme Court."

*Mr. C. A. Moore,* for the plaintiffs.
*Mr. Theo. F. Davidson,* for the defendant.

SMITH, C. J., (after stating the case). The rule has long been recognized and enforced in equity, that forbids one who by parol has entered into contract with another to sell and convey him land, upon faith in which the latter is permitted to improve the premises, to reclaim the land without compensation for the increased value thereof. It has been extended by statute to cases where there is no privity or contract relations between the parties, and where the expenditure in labor and money has been made in the *bona fide* and reasonable belief of ownership; and this claim for remuneration may be made and the damages assessed at or after the trial of the action to recover the premises. *The Code*, §473.

The defendant has in this case elected to demand that the allowance be ascertained when the action is tried, and the Court in giving judgment denies, or at least does not recognize, the defendant's right to such remuneration, for the assigned reason that the alleged agreement was made by a woman under coverture and not in writing. This ruling is predicated upon the proposition that the agreement is an absolute nullity, not calculated to mislead any reasonable person and induce a belief that he has any right, legal or equitable, to enforce a claim for remuneration for what he voluntarily and with such knowledge spends in improving the property. In this the Judge was acting in accordance with what is said by RUFFIN, J., delivering the opinion in *Scott* v. *Battle*, 85 N. C., 184, who, in pointing out the difference between a contract made by one *sui juris* and one under the disability of marriage, uses this language : " In no case will the law imply a promise on her part, and every one who deals with her is held to do so with a knowledge of her disability. It is this disability of a married woman to make any contract, which, we think, distinguished her case from those in which a purchaser under a parol contract, void under the statute, has been allowed his claim for a restoration of the purchase money paid and *compensation* for his betterments." Then

CASEY *v.* COOPER.

referring to the grounds upon which relief is granted, he asks: " Can this reasoning hold good when there exists, as in the case of a *feme covert*, no power to contract, and when, indeed, the law itself declares she shall not do so?" We reproduce these remarks of the very learned Judge who spoke, not so much with a view of recognizing their correctness as a statement of the law, as to show that the ruling upon the trial, in ignoring altogether the claim for betterments, was intended to be, as in legal effect the judgment is, a denial, direct, of the defendant's right to compensation, as set out and demanded in the answer, and not a decision merely upon other points, leaving this open for presentation afterwards.    The effect of a final judgment concludes every matter in controversy in the pleadings, in which legal and equitable remedies are blended, unless, as in this case, by statute a future opportunity is allowed to assert a claim and it is not put forward to be passed on at the trial.    But, in fact, it is asserted in the answer and refused by the Court, and being an adjudged matter, whether correctly or erroneously, and no appeal taken to review the ruling upon assigned error at the time, the judgment must stand.

Such was the view entertained by the Judge to whom the subsequent application for allowance for improvements was addressed, and in his adjudication we find no error.    The rules of practice as established must be maintained, and cannot give way to cases of hardship growing out of a mistake as to their operation, however, in particular cases, their operation may be severe and harsh.

There is no error, and the judgment is affirmed.